UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RAFAEL ALBERTO MARTINEZ, individually and on
behalf of all others similarly situated,

                                    Plaintiff,

                           -against-

GUL K. IQBAL and RAJA IQBAL d/b/a ROLLIE'S
SMOKE SHOP, ROLLIES CONVENIENCE & SMOKE
SHOP III INC., ROLLIES CONVENIENCE & SMOKE
SHOP IV INC., ROLLIES CONVENIENCE & SMOKE
SHOP V INC., ROLLIES CONVENIENCE & SMOKE
SHOP VI INC., ROLLIES CONVENIENCE & SMOKE
SHOP VII INC., and R & S WHOLESALERS INC.,

                                   Defendants.
------------------------------------------------------------------------X

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Demands a Jury

Plaintiff Rafael Alberto Martinez, by his undersigned attorneys, on behalf of himself and all others similarly situated, as and for his complaint against the defendants, alleges as follows:

1. This is an action for damages for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law, N.Y. Lab. L. §§ 190, *et seq.*, and for conversion and imposition of a constructive trust under New York law.

2. Defendants Gul K. Iqbal and Raja Iqbal (the "Iqbals") own and operate a wholesale business and at least six convenience stores and smoke shops under a single trade name – Rollies – without regard to corporate formalities or the wage and hours laws. The Iqbals promote all of the stores to the public and to their employees as a single enterprise. They use Cannabinoid Hemp Retail Licenses that are valid only for specific stores, locations, and corporate entities to sell cannabinoid products to the public through unlicensed stores, locations, and corporate entities. Every action affecting workers at the Rollies stores and warehouse is

directed by the Iqbals for their own, personal benefit. There is, in fact, no distinction between the Iqbals, the corporations they have formed, and the retail stores and warehouse they own, operate, and control.

3. The Iqbals and their companies failed to pay plaintiff and other employees the required overtime wage rates, failed to pay them on the scheduled pay dates, and failed to pay them for a "spread of hours" when they worked more than 10 hours per day. They also failed to give plaintiff and other employees the wage notices and statements required by federal and state laws.

4. Instead of paying the compensation required by federal and state laws, the Iqbals and their companies stole and retained for their own benefit the wages owed to plaintiff and other employees. They then used the retained wages to purchase real property, inventory, fixtures, and goods for themselves.

5. Plaintiff brings this action as a collective action to recover damages for the defendants' violations of the FLSA, and as a class action to recover damages and for imposition of a constructive trust for violations of New York State law.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because the state law claims form part of the same case or controversy as the federal law claims.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to plaintiff's claims occurred in this District.

## The Parties

8. Plaintiff RAFAEL ALBERTO MARTINEZ was employed by the defendants as a clerk in their retail stores and warehouse. He resides in Suffolk County, New York.

9. Defendant GUL K. IQBAL is an operator and, upon information and belief, one of the 10 largest owners of each of the businesses and corporate defendants named in this action. Upon information and belief, he resides in Suffolk County, New York.

10. Defendant RAJA IQBAL is an operator and, upon information and belief, one of the 10 largest owners of each of the businesses and corporate defendants named in this action. Upon information and belief, he resides in Suffolk County, New York.

11. Defendant ROLLIE'S SMOKE SHOP is a retail store with a place of business at 1525 Straight Path, Wyandanch, New York 11798.

12. Defendant ROLLIES CONVENIENCE & SMOKE SHOP III INC. is a corporation organized under the laws of the State of New York with a place of business at 144 West Hills Road, Huntington Station, New York 11746.

13. Defendant ROLLIES CONVENIENCE & SMOKE SHOP IV INC. is a corporation organized under the laws of the State of New York with a place of business at 278 East Jericho Turnpike, Huntington Station, New York 11746.

14. Defendant ROLLIES CONVENIENCE & SMOKE SHOP V INC. is a corporation organized under the laws of the State of New York with a place of business at 68 East Suffolk Avenue, Central Islip, New York 11722.

15. Defendant ROLLIES CONVENIENCE & SMOKE SHOP VI INC. is a corporation organized under the laws of the State of New York with a place of business at 44 1st Avenue, Brentwood, New York 11717.

16. Defendant ROLLIES CONVENIENCE & SMOKE SHOP VII INC. is a corporation organized under the laws of the State of New York with a place of business at 421 Hawkins Avenue, Lake Ronkonkoma New York, 11779.

17. Defendant R & S WHOLESALERS INC. is a corporation organized under the laws of the State of New York with a place of business at 2536 Middle Country Road, Centereach, New York 11720.

**Facts Relevant to All Claims**

18. Plaintiff was hired by the defendants on or about November 17, 2022. He continued working for them until on or about January 16, 2024, when he was forced to resign due to the defendants' dangerous and illegal conduct.

19. Plaintiff was assigned by the defendants to work at the Rollies retail stores located at 1525 Straight Path in Wyandanch, 144 West Hills Road in Huntington Station, 278 East Jericho Turnpike in Huntington Station, 68 East Suffolk Avenue in Central Islip, and 44 1st Avenue in Brentwood.

20. Plaintiff was also assigned by the defendants to work at their warehouse located at 2536 Middle Country Road in Centereach, New York.

21. The defendants did not give plaintiff the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3).

22. Upon information and belief based on conversations with co-workers at the retail store and warehouse locations, the defendants had a policy and practice of not giving employees the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3).

23. The defendants did not pay plaintiff on the scheduled pay dates.

4

24. Upon information and belief based on conversations with co-workers at the retail store and warehouse locations, the defendants had a policy and practice of not paying employees on the scheduled pay dates.

25. The defendants did not pay plaintiff one and one-half times his regular wage rate when he worked more than 40 hours in a workweek, including without limitation during the workweeks ending on January 15, 2023, January 22, 2023, January 29, 2023, February 5, 2023, February 12, 2023, February 19, 2023, February 26, 2023, March 5, 2023, March 12, 2023, March 19, 2023, March 26, 2023, April 2, 2023, April 9, 2023, April 16, 2023, April 23, 2023, April 30, 2023, May 7, 2023, May 14, 2023, May 21, 2023, May 28, 2023, June 4, 2023, June 11, 2023, June 18, 2023, June 25, 2023, July 2, 2023, July 9, 2023, July 16, 2023, July 23, 2023, July 30, 2023, August 6, 2023, August 13, 2023, August 20, 2023, August 27, 2023, September 3, 2023, September 10, 2023, September 17, 2023, September 24, 2023, October 1, 2023, October 8, 2023, October 15, 2023, October 22, 2023, October 29, 2023, November 5, 2023, November 12, 2023, November 19, 2023, November 26, 2023, December 3, 2023, December 10, 2023, December 17, 2023, December 24, 2023, December 31, 2023, January 7, 2024, January 14, 2024.

26. Upon information and belief based on conversations with co-workers at the retail store and warehouse locations, the defendants had a policy and practice of not paying employees one and one-half times their regular hourly wage rate when they worked more than 40 hours in a workweek.

27. Plaintiff worked more than 10 hours in a single day, including without limitation on the following dates:  January 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 30, 31, 2023, February 1, 2, 3, 6, 7, 9, 13, 14, 15, 17, 20, 21, 24, 27, 28, 2023, March 1, 2, 13, 14, 15, 17, 18, 19, 20, 21,

23, 24, 27, 28, 29, 30, 31, 2023, April 1, 10, 11, 12, 14, 17, 18, 19, 2023, May 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 2023, August 11, 12, 13, 14, 15, 16, 18, 19, 20, 28, 29, 30, 31, 2023, September 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 25, 26, 27, 28, 29, 30, 2023, October 1, 2, 3, 4, 5, 6, 7, 8, 23, 24, 25, 26, 27, 28, 29, 30, 31, 2023, November 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, 21, 22, 23, 24, 25, 26, 2023, December 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 , 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 2023, January 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 2024.

28. The defendants did not pay plaintiff for a spread of hours on days when he worked more than 10 hours in a single day.

29. Upon information and belief based on conversations with co-workers at the retail stores and warehouse locations, the defendants had a policy and practice of not paying employees for a spread of hours when they worked more than 10 hours in a single day.

30. Plaintiff complained to defendant Raja Iqbal that he was not being paid the required overtime rate for hours worked in excess of 40 per workweek.

31. Plaintiff asked defendant Raja Iqbal to pay the required overtime rate for hours worked in excess of 40 per workweek.

32. Defendant Raja Iqbal ignored plaintiff's requests and refused to pay him the required overtime rate for hours worked in excess of 40 per workweek.

33. Defendant Raja Iqbal assigned plaintiff to work under dangerous conditions, late at night, at the Rollies store in Brentwood where several violent incidents had occurred and the store lacked adequate security measures.

34. Upon information and belief based on conversations with co-workers, other employees asked defendant Raja Iqbal to pay the required overtime rate for hours worked in excess of 40 per workweek.

35. Upon information and belief based on conversations with co-workers, defendant Raja Iqbal ignored and refused to pay other employees the required overtime rate for hours worked in excess of 40 per workweek.

36. Upon information and belief based on conversations with co-workers, defendant Raja Iqbal fired at least one employee after the employee complained that he was not being paid the legally required wages.

37. Upon information and belief, the defendants acted intentionally to deprive plaintiff and other employees of their rightful wages when they designed and implemented the above-described policies and practices.

38. Upon information and belief, despite having actual notice of their legal obligations under the FLSA and New York Labor Law, the defendants intentionally violated the law by failing to provide the required notices and failing to pay plaintiff and other employees the overtime and spread of hours compensation they were entitled to be paid under the FLSA and New York Labor Law.

39. When it became clear that the defendants were intentionally violating the wage and hours laws, that they fired at least one employee for complaining about such violations, and that they retaliated against plaintiff by assigning him to work in dangerous conditions at the Brentwood store, plaintiff had no choice but to resign on or about January 16, 2024.

## Collective and Class Action Claims

40. Defendants' conduct described above was part of and resulted from policies and practices that the defendants applied to all non-exempt employees. Plaintiff therefore brings the FLSA claims alleged herein as a collective action pursuant to 29 U.S.C. § 216(b), and the state law claims alleged herein as a class action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

41. The class is comprised of all non-exempt employees who worked for the defendants at any time since March 11, 2018.

42. The claims of the class are properly brought as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because the defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

43. The claims of the class are properly brought as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for the following reasons:

   a. Numerosity: The potential members of the class are so numerous that joinder of all members of the class is impracticable.

   b. Commonality: There are questions of law and fact common to plaintiffs and the class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include:

   1. whether the defendants failed to give employees the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3);

2. whether the defendants had a policy and practice of not giving employees the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3);

3. whether the defendants did not pay employees on the scheduled pay dates;

4. whether the defendants had a policy and practice of not paying employees on the scheduled pay dates;

5. whether the defendants failed to pay employees one and one-half times their usual hourly wage rate when they worked more than 40 hours in a workweek;

6. whether the defendants had a policy and practice of not paying employees one and one-half times their usual hourly wage rate when they worked more than 40 hours in a workweek;

7. whether the defendants failed to pay employees for a spread of hours when they worked more than 10 hours in a single day;

8. whether the defendants had a policy and practice of not paying employees for a spread of hours when they worked more than 10 hours in a single day;

9. whether the defendants retaliated against employees who complained that they were not being paid the legally required wages;

10. whether the defendants had a policy and practice of retaliating against employees who complained that they were not being paid the legally required wages;

11. whether defendants are liable to the class;

12. whether the class can be made whole by the payment of damages;

13. whether the class is entitled to a constructive trust on the compensation withheld and retained by the defendants;

14. whether the class is entitled to a constructive trust on any real property, inventory, fixtures, and/or goods purchased by the defendants with the withheld and retained compensation; and

15. whether the individual defendants are personally liable for damages sustained by class members.

c. Typicality: Plaintiff's claims are typical of the claims of the class. Plaintiff and all members of the class sustained injuries and damages arising out of and proximately caused by the defendants' policies and practices described above.

d. Adequacy of Representation: Plaintiff will fairly and adequately represent the interest of class members. Plaintiff's counsel is competent and experienced in litigating employment claims, including collective and class actions alleging violations of the FLSA and New York Labor Law.

e. Superiority: A class action is superior to other available means for fair and efficient adjudication of this controversy. Each class member has been damaged and is entitled to recovery because of defendants' illegal policies and practices. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR VIOLATIONS
## OF THE FAIR LABOR STANDARDS ACT (FLSA)

44. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

45. The defendants have regulated the employment of plaintiff and all other persons employed by them, acted directly and indirectly in their own interest in relation to the employees, and are thus employers of their employees within the meaning of section 3(d) of the Fair Labor Standards Act ("FLSA").

46. The individual defendants at all relevant times were in active control and management of the corporate defendants, regulated the employment of plaintiff and all other persons employed by the corporate defendants, acted directly and indirectly in the interests of themselves and the corporate defendants in relation to the employees, and thus are employers of the defendants' employees within the meaning of section 3(d) of the FLSA.

47. The business activities of the defendants, as described in this complaint, were related and performed through uniform operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the FLSA.

48. Defendants have employed employees at their places of business in activities of an enterprise engaged in commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, plaintiffs were at all relevant times employed in an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the FLSA.

49. Defendants willfully and repeatedly violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215, by employing plaintiff and other employees in

11

an enterprise engaged in commerce, for workweeks longer than those prescribed in section 7 of the FLSA, and without compensating them for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

50. Defendants are liable for unpaid overtime compensation together with an equal amount in liquidated damages or, in the event liquidated damages are not awarded, unpaid overtime compensation together with prejudgment interest on said unpaid overtime compensation.

**SECOND CLAIM FOR RELIEF
AGAINST ALL DEFENDANTS FOR VIOLATIONS
OF THE FLSA PROMPT PAYMENT REQUIREMENT**

51. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

52. Defendants failed to pay regular and overtime compensation earned in a particular workweek on the regular pay days for the periods in which such workweeks ended.

53. Defendants delayed payment of regular and overtime compensation beyond the time reasonably necessary to compute and arrange for payment of the amount of regular and overtime compensation due.

54. Defendants violated the FLSA's prompt payment requirement in 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.106.

55. Defendants are liable for damages in an amount to be determined at trial, including liquidated damages.

## THIRD CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR VIOLATIONS
## OF THE NEW YORK LABOR LAW

56. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein

57. Defendants' failure to pay plaintiff and other employees the proper overtime pay violated New York Labor Law § 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2.

58. Defendants' failure to pay plaintiff and other employees the proper spread of hours pay violated New York Labor Law § 650, *et seq.* and 12 N.Y.C.R.R. § 146-1.6.

59. Defendants' failure to pay plaintiff and other employees the proper overtime compensation and spread of hours pay was intentional.

60. Defendants are liable for unpaid overtime wages and spread of hours compensation together with an equal amount in liquidated damages or, in the event liquidated damages are not awarded, unpaid overtime compensation together with prejudgment interest on said unpaid overtime compensation.

## FOURTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR VIOLATIONS
## OF THE NEW YORK LABOR LAW
## AND WAGE THEFT PREVENTION ACT

61. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

62. Defendants did not provide plaintiff and other employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing: the regular and overtime rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any

13

"doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

63. Defendants did not obtain from plaintiff and other employees signed and dated written acknowledgements, in English and in the primary language of the employee, of receipt of the notice required by Section 195(1) of the New York Labor Law and affirmation by the employee that the employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee was in the language so identified.

64. Defendants did not furnish to plaintiff and other employees a statement with every payment of wages, listing: the dates of work covered by that payment of wages; the name of the employee; the name of employer; the address and phone number of the employer; the regular and overtime rate or rates of pay and basis thereof; the gross wages; the number of regular hours worked; the number of overtime hours worked; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

65. Defendants violated the New York State Wage Theft Prevention Act by failing to provide plaintiff and other employees with the notices required by Section 195(1) of the New York Labor Law.

66. Defendants violated the New York State Wage Theft Prevention Act by failing to provide plaintiff and other employees with the wage statements required by Section 195(3) of the New York Labor Law.

67. Plaintiff and other employees are each entitled to recover from the defendants statutory damages of $50.00 per day for each day that defendants violated the notice

requirements of Section 195(1) of the New York Labor Law, up to a maximum of $5,000.00 for each employee.

68. Plaintiff and other employees are each entitled to recover from the defendants statutory damages of $250.00 per day for each day that defendants violated the wage statements requirements of Section 195(3) of the New York Labor Law, up to a maximum of $5,000.00 for each employee.

**FIFTH CLAIM FOR RELIEF
AGAINST ALL DEFENDANTS FOR VIOLATIONS
OF THE NEW YORK LABOR LAW**

69. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

70. Defendants did not pay plaintiff and other employees on a regular weekly basis in violation of Section 191 of the New York Labor Law.

71. Defendants did not pay plaintiff and other employees on the regular pay day in violation of Section 191 of the New York Labor Law.

72. Defendants are liable to plaintiff and other employees in amounts to be determined at trial, including liquidated damages.

**SIXTH CLAIM FOR RELIEF
AGAINST ALL DEFENDANTS FOR CONVERSION**

73. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

74. Plaintiff and other employees had possessory rights or interests in their paychecks and wages.

75. Defendants exercised dominion over or interference with the rights and interests of plaintiff and other employees without their consent.

76. Defendants are liable to plaintiff and other employees for compensatory and punitive damages in amounts to be determined at trial.

### SEVENTH CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS FOR
### A CONSTRUCTIVE TRUST

77. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

78. Defendants assumed a fiduciary relationship with plaintiff and other employees when defendants withheld and took possession of the paychecks and wages that were and are owed to them.

79. The withheld paychecks and wages of plaintiff and other employees were retained by defendants and held for the benefit of plaintiffs.

80. Defendants wrongfully retained the paychecks and wages of plaintiff and other employees.

81. Upon information and belief, defendants used the withheld paychecks and wages of plaintiff and other employees to purchase real property, inventory, fixtures, and goods for themselves and their businesses.

82. Defendants have been unjustly enriched by reason of their retention and use of the retained paychecks and wages of plaintiff and other employees.

83. Plaintiff and other employees are entitled to a constructive trust on all paychecks and wages retained by defendants and on any real property, inventory, fixtures, and/or goods purchased by defendants with those retained paychecks and wages.

## EIGHTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR
## RETALIATORY DISCHARGE IN VIOLATION OF THE FLSA

84. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

85. Plaintiff engaged in protected activity by, *inter alia,* asking defendants to pay the wages required by the FLSA.

86. Defendants took employment action disadvantaging plaintiff, including without limitation by assigning him to work at a dangerous location and refusing to pay him the compensation he was entitled to be paid under the FLSA.

87. Defendants subjected plaintiff to this adverse employment action because he engaged in protected activity.

88. Defendants acted deliberately.

89. The conditions were such that a reasonable employee in the plaintiff's shoes would have been compelled to resign.

90. The conditions were such that plaintiff was compelled to resign.

## NINTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR
## RETALIATORY DISCHARGE IN VIOLATION
## OF THE NEW YORK LABOR LAW

91. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

92. Plaintiff engaged in protected activity by, *inter alia*, asking defendants to pay the wages required by the New York Labor Law.

93. Defendants took adverse employment against plaintiff, including without limitation by assigning him to work at a dangerous location and refusing to pay him the compensation he was entitled to be paid under the New York Labor Law.

94. Defendants subjected plaintiff to this adverse employment action because he engaged in protected activity.

95. Defendants acted deliberately.

96. The conditions were such that a reasonable employee in the plaintiff's shoes would have been compelled to resign.

97. The conditions were such that plaintiff was compelled to resign.

## Jury Demand

98. Plaintiff is entitled to and demand a jury trial.

## Prayer for Relief

WHEREFORE plaintiff, on behalf of himself and all others similarly situated, demands an order and judgment against each defendant, jointly and severally: (a) certifying this action as a collective action pursuant to 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure; (b) declaring that defendants have violated the FLSA and New York Labor Law; (c) permanently enjoining defendants from violating the FLSA and New York Labor Law; (d) awarding plaintiff and all collective and class members actual damages, liquidated damages as authorized by 29 U.S.C. § 216(b) and New York Labor Law § 198, statutory damages and penalties as authorized by New York Labor Law § 195, pre- and post-judgment interest, and punitive damages in amounts to be determined at trial; (e) imposing a constructive trust in favor of plaintiff and all collective and class action members on the paychecks and wages retained by defendants and on any real property, inventory, fixtures, and/or

goods purchased by defendants with that retained compensation; (f) awarding reasonable attorneys' fees and the costs of this action as authorized by 29 U.S.C. § 216(b) and New York Labor Law § 198; and (g) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 11, 2024

THE HOWLEY LAW FIRM P.C.

By: */s John J.P. Howley*
_____
John J.P. Howley [JH9764]
*Attorneys for Plaintiffs*
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
(212) 601-2728