**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
RAFAEL ALBERTO MARTINEZ, individually
and on behalf of all others similarly situated,

<em>Plaintiff,</em>

<u>ORDER</u>

-against-                    2:24-cv-01792 (JMW)

  GUL K. IQBAL, *et al.,*

<em>Defendants.</em>
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**A P P E A R A N C E S:**

>  John J.P. Howley
> **The Howley Law Firm P.C.**
> 1345 Avenue of the Americas
> New York, New York, 10105
> (212) 601-2728
> *For Plaintiff*
>
> *No Appearance for Defendants*

**WICKS,** Magistrate Judge:

Plaintiff Rafael Alberto Martinez ("Plaintiff") commenced the underlying action against

Gul K. Iqbal, Raja Iqbal ("Individual Defendants"), and the six businesses that they own and

operate ("Corporate Defendants")[1], for alleged violations of the Fair Labor Standards Act

("FLSA"), New York Labor Law ("NYLL"), and for conversion and imposition of a constructive

trust. (*See generally* ECF No. 1.) Here, Plaintiff failed to timely serve the Individual Defendants

with a summons and complaint within the 90-day period mandated by the Federal Rules of Civil

---

[1] The Clerk of Court has entered a Certificate of Default against each of the Corporate Defendants (ECF No. 34.) but has denied entering a Certificate of Default against the Individual Defendants on grounds of untimely service. (*See* Electronic Order dated October 30, 2024.)

1

Procedure. *See* Fed. R. Civ. P. 4(m). Specifically, the Complaint was filed on March 11, 2024,

effectively mandating that service be made upon Defendants on or before June 9, 2024.

However, service was not done within the prescribed period. Rather, Plaintiff served Defendant

Raja Iqbal with a summons and complaint on June 24, 2024, and Defendant Gul Iqbal on July 9,

2024 (ECF Nos. 25, 32), late by 15 days and 30 days, respectively.

Presently before the Court is Plaintiff's motion for an extension of time to serve the

Individual Defendants pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 35.) No

opposition has been filed. For the foregoing reasons, Plaintiff's motion for an extension of time

to serve (ECF No. 35) is **DENIED**, without prejudice and with leave to renew.

## <u>DISCUSSION</u>

Proper service upon an individual in a civil suit is largely determined by the Federal

Rules of Civil Procedure.[2] *Kurzberg v. Ashcroft*, 619 F.3d 176, 183 (2d Cir. 2010). Such service

may be effectuated by "delivering a copy of the summons and of the complaint on the individual

personally, leaving a copy of each at the individual's dwelling or usual place of abode . . . ; or

delivering a copy of each to an agent authorized . . . to receive service of process." Fed. R. Civ.

P. 4(e). If a plaintiff fails to serve a defendant within 90 days from when the complaint was filed,

"the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without

prejudice against that defendant or order that service be made within a specified time." Fed. R.

Civ. P. 4(m) (emphasis added). However, upon a plaintiff's showing of "good cause" for the

---

[2] Rule 4(e)(1) states that an individual may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Here, under New York's Civil Practice Law and Rules ("CPLR") § 308, personal service upon a natural person is virtually identical to the Federal Rules. *See Windward Bora LLC v. Baez*, No. 19-CV-1755, 2021 WL 7908011 (RJD), at *5 (E.D.N.Y. Feb. 24, 2021).

failure to timely serve, "the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added).

"A party seeking an extension for good cause 'bears a heavy burden of proof.'" *Tolchin v. Cnty. of Nassau*, 322 F. Supp. 3d 307, 311 (E.D.N.Y. 2018) (citation omitted). In considering whether good cause exists, courts within this Circuit "weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).  Good cause is rare and is typically only found in "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Coleman v. Cranberry Baye Rental Agency*, 202 F.R.D. 106, 109 (N.D.N.Y. 2001) (good cause found where plaintiff made diligent efforts but could not locate party to be served); *Barban v. Rheem Textile Sys., Inc.*, No. 01 Civ. 8475 (ILG), 2002 WL 31947209, at *1 (E.D.N.Y. Dec. 17, 2002) (same). "'Factors deemed outside of the plaintiff's control typically include sudden illness, natural catastrophe or evasion of service of process.'" *Fantozzi v. City of New York.*, 343 F.R.D. 19, 26 (S.D.N.Y. 2022) (citation omitted).

Here, Plaintiff contends that he made "a good faith effort to serve the individual defendants before the 90-day deadline". (ECF No. 35 at p. 3.) Moreover, Plaintiff argues that any delay in serving the Individual Defendants was "caused by their own refusal to waive service" along with "their attempts to avoid [and evade] service". (*Id.* at pp. 2-3.) In sum, Plaintiffs allege that good cause is satisfied because of the Individual Defendants' evasion of service. Accordingly, as Plaintiffs assert, these circumstances warrant an extension of time to serve. (*Id.* at p. 3.)

Query then, is evasion of process by a defendant under the circumstances set forth herein sufficient to satisfy the good cause required to justify an extension of time to serve? *See Western Sur. Co. v. Bykev Int'l Inc.*, No. 14-cv-9673 (AJN), 2015 WL 5146112, at * 4 (S.D.N.Y. Sept. 1, 2015) (concluding that good cause was not met where plaintiff provided "no detail as to whether it undertook a good faith effort" to timely serve defendants); *see also Etheredge-Brown v. Am. Media, Inc.*, No. 13-CV-1982 (JPO), 2015 WL 4877298, at *3 (S.D.N.Y. Aug. 14, 2015) (rejecting plaintiffs' argument that a defendant's alleged evasion of service constituted good cause). In *Etheredge-Brown*, the court concluded that plaintiffs failed to demonstrate good cause as they did not make diligent efforts to serve the defendant and the defendant did not evade service. 2015 WL 4877298, at *2–3. First, the court noted that despite plaintiffs' possession of defendant's address, which was publicly available as it was also the address of the individual defendant's corporation, they were "unable to serve" defendant. *Id.* at *2. As such, there were no documented attempts to serve the defendants and, "for reasons that are not made clear in the papers," there was no support as to why service was not properly effectuated. *Id.* Second, the court rejected plaintiffs' contention that defendant "sought to evade service" as plaintiffs provided "no cogent reason why [defendant's] purported evasion prevented them from serving [defendant]". *Id.* at *3. In support of their argument, plaintiffs submitted an affidavit from plaintiffs' counsel which contained one conclusory statement that the defendant would not be present at the relevant address. *Id.* Such a statement was wholly insufficient to establish good cause warranting an extension of time. *Id.*

Here, similarly, Plaintiff possesses the Individual Defendants' personal and corporate addresses (*see* ECF No. 35, Exs. A, B), yet there was nothing made clear in the motion indicating prior attempts to timely serve the Individual Defendants with a summons and complaint. Rather,

Plaintiff submits that it made "good faith efforts" to serve the Individual Defendants, who allegedly attempted to avoid service. (ECF No. 35 at p. 3.) Such conclusory statements of alleged avoidance of service, as noted in *Etheredge-Brown*, are insufficient to establish good cause especially where Plaintiff provides no detail as to what the evasion was and "no cogent reason" why such alleged evasion prevented service.

Conversely, another Court found good cause and excused the untimely service of process. *See Gonzalez v. United States*, 16 CV 1494 (KAM) (CLP), 2016 WL 11670727, at *4 (E.D.N.Y. Sept. 29, 2016). There, not only did plaintiff diligently attempt to personally serve the defendant twice as evidenced by repeated, documented attempts to effectuate service at defendant's address, but also defendant "first did not accept . . . service at his place of business and then still did not accept service" after plaintiff's second attempt to serve. *Id.* (internal quotations omitted). Such "apparent attempts to evade service" by "refus[ing] to accept service on two occasions at the proper address provided by defendants' counsel" constituted good cause to extend plaintiff's time to serve. *Id.* Here, contrarily, Plaintiff made no "diligent effort" to serve as there is no documentary proof establishing any prior attempts to serve the Individual Defendants with a summons and complaint. Furthermore, Plaintiff submits no evidence that the Individual Defendants refused to accept that service. Rather, Plaintiff baselessly asserts that the Individual Defendants "attempt[ed] to avoid service." (ECF No. 35 at p. 3.)

Indeed, Plaintiff presents no evidence indicating the specific efforts made to timely serve the Individual Defendants, or any alleged evasion by them. To supplement its motion, Plaintiff submits two declarations of service by its own counsel, stating that counsel served the Individual Defendants with a Notice of Lawsuit and Request to Waive Service of a Summons, two copies of a Waiver of the Service of Summons, a return envelope, and a copy of the Complaint on March

22, 2024. (ECF No. 35, Exs. A, B.) As part of these declarations, Plaintiff's counsel attaches copies of the U.S. Postal Service's confirmation that the forms were delivered to the Individual Defendants' respective addresses on March 25, 2024. *Id.* Moreover, though Plaintiff alleges he retained process servers, nowhere in the submissions is there even a scintilla of facts concerning efforts made by these process servers to serve the Individual Defendants. (ECF No. 35 at p. 2.) Without more, Plaintiff has not sufficiently established good cause to warrant an extension of time to serve the Individual Defendants. *See Gurvey v. Cowan Liebowitz & Latman P.C.*, No. 06 Civ. 1202 (LGS) (HBP), 2013 WL 3940858, at *2 (S.D.N.Y. July 31, 2013), report and recommendation adopted, No. 06 Civ. 01202 (LGS), 2013 WL 4437190 (S.D.N.Y. Aug. 19, 2013) (concluding plaintiff failed to demonstrate good cause where, among other things, she "provide[d] no other information" about good faith efforts to serve, nor did she attach "any documentary evidence suggesting that any attempts were actually made to serve the [defendants]").

The inquiry does not end there however, since notwithstanding the absence of good cause, the Court may nevertheless exercise discretion to grant extensions in limited circumstances. A district court "may exercise [its] discretion to grant extensions under 4(m) absent a showing of good cause under certain circumstances . . . ." *Zapata v. City of New York*, 502 F.3d 192, 193 (2d Cir. 2007). "Factors to be considered are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Ferreira v. Carranza*, No. 20-CV-2305 (PKC) (LB), 2022

WL 34610, at *2 (E.D.N.Y. Jan. 4, 2022) (citation omitted). The Court considers these factors in turn.

*First*, the applicable statute of limitations would not bar a refiled action. Relevant here, FLSA claims have a two or three year statute of limitations, depending on whether a defendant's conduct was willful (*see* 29 U.S.C. § 255(a)), NYLL claims have a six-year statute of limitations (*see* N.Y. Lab. L. § 198), conversion claims have a three-year statute of limitations following the alleged theft (*see* N.Y. C.P.L.R. § 214(3)), and imposed constructive trust claims have a six-year statute of limitations following the occurrence of the wrongful act creating a duty to restitute (*see* N.Y. C.P.L.R. § 213(1)). Accordingly, because Plaintiff alleges that he was hired on or about November 17, 2022, and that Defendants' conduct was intentional, (ECF No. 1 at ¶¶ 18, 37-39), it appears that his claims could be pled again following dismissal as none of them are barred by the statute of limitations. This factor, therefore, weighs against extending time for service. *See Welch v. Hertz Car Rental Agency*, No. 1:18-CV-00717 (EAW), 2019 WL 1243681, at *5 (W.D.N.Y. Mar. 18, 2019) (concluding that because plaintiff would be "free to reassert" his claims, the first factor "does not favor permitting a discretionary extension of time to serve").

*Second*, Plaintiff has provided some evidence suggesting that the Individual Defendants had actual notice. Namely, Plaintiff contends that the Individual Defendants were served with copies of the Complaint not only with Notices of Lawsuit and Requests to Waive Service on March 22, 2024, but also when the Corporate Defendants, which the Individual Defendants own and operate, were timely served on June 11, 2024. (ECF No. 35 at pp. 1-2.). As such, Plaintiff maintains that the Individual Defendants received "copies of the complaint several times before the deadline expired" and had notice that they were named defendants in this lawsuit. (*Id.* at pp. 2-3); *see Etheredge-Brown*, 2015 WL 4877298, at *4 (finding "some evidence" of actual notice

7

through defendant's communication with his employer and his family living at the address that received service). However, while this may be considered evidence of actual notice, "such notice would not 'cure [Plaintiff's] failure to comply with the statutory requirements for serving process.'" *Retrospective Goods, LLC v. T&M Invs. Int'l, LLC*, No. 20-CV-6201 (AMD) (RER), 2022 WL 2161935, at *5 (E.D.N.Y. May 20, 2022) (alteration in original) (quoting *Sartor v. Toussaint*, 70 Fed. App'x 11, 13 (2d Cir. 2002)); *see Regan v. Village of Pelham*, No. 19 Civ. 7987 (NSR), 2021 WL 1063320, at *5-6 (S.D.N.Y. Mar. 19, 2021) (dismissing claims for improper service of process after noting "it is unlikely that a notice of a lawsuit can be construed as service" under Rule 4). This factor, thus, weighs in favor of extending time for service. *See Welch*, 2019 WL 1243681, at *5 (finding that although defendants actual notice of the claim favored an extension of time to serve, it "is not dispositive" in the court's analysis).

*Third*, the Individual Defendants have not attempted to conceal any alleged defect in service. Crucially, Plaintiff presents no facts to indicate that the Individual Defendants took action to conceal defective service. Absent such evidence, this factor cuts against Plaintiff. *See S. Bay Sailing Ctr., Inc. v. Standard Fire Ins. Co.*, No. 15-CV-6183 (JMA) (SIL), 2017 WL 913625, at *11 (E.D.N.Y. Jan. 17, 2017) (concluding "there [was] no evidence that Defendant himself attempted to conceal a defect in service, and thus this factor disfavors [plaintiff]"). Not only is there no evidence of the Individual Defendants' concealment, but these Defendants have also not appeared or participated in the case—an additional reason why this factor undermines Plaintiff's request for an extension of time. *See Retrospective Goods, LLC*, 2022 WL 2161935, at *5 (concluding that none of the four factors weighed in favor of granting a discretionary extension of time, particularly recognizing that "it is clear that Defendants did not attempt to

conceal defects in service here, where they have not participated in the case or appeared before the Court"). As such, this factor weighs against extending time to serve.

*Lastly*, the Individual Defendants would likely not suffer prejudice as Plaintiff may still be able to file their claims despite a dismissal. *Compare Retrospective Goods, LLC*, 2022 WL 2161935, at *5 ("[T]here is no clear prejudice to Defendant in extending the service period where Plaintiff would be able to refile its claims upon dismissal"), *with Ferreira*, 2022 WL 34610, at *2 ("[E]xtending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants.") (citation omitted). Accordingly, this factor weighs in favor of an extension. *See Vaher*, 916 F. Supp. 2d at 421.

Though courts have discretion to extend time even where good cause has not been satisfied, this Court will not exercise that discretion here as Plaintiff offers no "colorable excuse" for its failure to timely serve the Individual Defendants. Such a fundamental showing is routinely required by courts within this Circuit to warrant a discretionary extension of time. *See Zapata*, 502 F.3d at 197–98 (holding that the plaintiff must "ordinarily advance some colorable excuse for neglect" for a discretionary extension of time to be granted); *see also Deptula v. Rosen*, 558 F. Supp. 3d 73, 89 (S.D.N.Y. 2021) (finding that although the court's authority to grant an extension of time for service of process absent good cause "is purely discretionary," there was "no reason for the Court to exercise that discretion . . . as plaintiff failed to articulate any 'colorable excuse' for that failure") (citations omitted).

For instance, in *Martinez v. SEIU Local 32BJ*, the court concluded that two of the four discretionary extension factors favored plaintiff after preliminarily determining good cause was not established. No. 18-CV-3961 (JMF), 2019 WL 1259381, at *2 (S.D.N.Y. Mar. 19, 2019). Nevertheless, the court dismissed plaintiff's claims as untimely because "[plaintiff] d[id] not

even come close to providing a 'colorable excuse' for his undisputed failure to formally serve [defendant]". *Id.* The court highlighted that plaintiff's failure to seek an extension of time until after the deadline for service had passed, coupled with plaintiff's lack of explanation for the delay, warranted the inference that "[plaintiff] simply forgot" to timely serve the defendant. *Id.* Accordingly, the court concluded that plaintiff advanced "no colorable excuse whatsoever" for its neglect to timely serve. *Id.*

Similarly, in *Brown v. Dalton*, the court first determined that good cause was not demonstrated as plaintiff failed to provide any documented attempts to effectuate proper service. No. 1:18-CV-00799 (EAW), 2019 WL 2192779, at *2 (W.D.N.Y. May 21, 2019). Next, in weighing the four discretionary factors, the court found that "at least two of the four factors weigh[ed] against granting a discretionary extension of time to serve the Summons and Complaint". *Id.* at *3. Indeed, the court continued by noting that had the factors shifted in favor of granting plaintiff's extension of time, a district court would likely still deny such a motion as plaintiff "faile[d] to advance some colorable excuse for neglect". *Id.* at *4 (internal quotations omitted). Such a requisite showing was not made as plaintiff offered no evidence to dispel the idea that the failure to timely serve was not a result of his own ignorance or neglect. *Id.*

Indeed, this principle applies in situations, like here, where only two discretionary factors favor plaintiff. *See Fantozzi v. City of New York*, 343 F.R.D. 19, 31 (S.D.N.Y. 2022) ("[T]he first two factors favor Plaintiff, while the second two favor Defendants. But however those factors might balance out in the abstract, here, they must be viewed in the context of [the serving party's] abject failure to justify adequately his untimely service on [defendants]"); *see also Vaher*, 916 F. Supp. 2d at 421 (determining, where "two factors favor Plaintiff and two factors favor Defendants, . . . the Second Circuit has stated clearly that . . . a district court may still

decline to excuse a failure to timely serve the summons and complaint where the plaintiff fails to advance some colorable excuse for neglect"); *see also Welch*, 2019 WL 1243681, at *6 ("Accordingly, even if the factors were in equipoise or slightly favored Plaintiff, the Court would not find an extension was warranted, because Plaintiff has failed to advance even a colorable excuse for his total disregard of his service obligation.")

Plaintiff here fails to proffer any "colorable excuse" for its neglect to timely serve the Individual Defendants. Like in *Brown*, Plaintiff here has presented nothing to the Court to dispel the idea that its failure to timely serve was not a result of its own "ignorance or neglect". This is especially true when considering that Plaintiff followed all proper procedures in timely serving the Corporate Defendants yet fell far short with the Individual Defendants. (*See* ECF No. 35 at p. 2.) As such, and as noted in *Martinez*, the Court could very well infer based on the lack of evidence to the contrary that "Plaintiff simply forgot" to timely serve the Individual Defendants.

## <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's motion for an extension of time to serve Individual Defendants Gul K. Iqbal and Raja Iqbal (ECF No. 35) is **DENIED, without prejudice and with leave to renew on or before December 4, 2024.** If Plaintiff chooses to refile the motion, the motion must be filed by that date and contain more supporting evidence as set forth above and consistent with the standards outlined in this Order. If, by that date, Plaintiff either does not refile the motion, or if the refiled motion remains factually deficient, the undersigned will recommend to an assigned  District Judge that Plaintiff's claims asserted as

against the Individual Defendants be dismissed.

Dated:  Central Islip, New York
         November 20, 2024

**S O   O R D E R E D:**

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
